# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CAINE J. WILLE,
        Petitioner,

v.                                       Case No. 14-C-0482

EDWARD F. WALL, Secretary
of the Wisconsin Department of
Corrections,
        Respondent.

## DECISION AND ORDER

Caine Wille filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in April 2014. The respondent has moved to dismiss the petition on the ground that it is barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

The judgment that Wille challenges was entered on June 22, 2012. Wille did not timely file a notice of intent to pursue postconviction relief with respect to this judgment, which in Wisconsin is the first step in the direct-appeal process. See Wis. Stat. § 809.30(2)(b). Thus, for purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment under review "became final by the conclusion of direct review or the expiration of time for seeking such review" on July 11, 2012, when the period for filing a notice of intent to pursue postconviction relief expired. The federal limitation period began to run on the following day and expired one year later. No application for state post-conviction or other collateral review was pending between July 12, 2012, and July 12, 2013. See 28 U.S.C. § 2244(d)(2). Wille has since filed applications for various forms of relief in state court, but the first of those was not filed until mid-August 2013, after the one-year limitations period

under § 2244 had already expired. That the state courts may have considered some of these later applications on their merits does not reset the federal clock. DeJesus v. Acevedo, 567 F.3d 941 (7th Cir. 2009). No facts suggest that Wille is entitled to equitable tolling or that he could support a claim of actual innocence. Nor are any other circumstances present which would permit a federal court to consider his petition at this time. Accordingly, the petition must be dismissed as untimely.

For the reasons stated, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 5th day of November, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge